BECKER, Circuit Judge,
concurring.
I join in Judge Alito’s fine opinion. This brief concurrence is merely to record my view that there is something amiss, or at least unfair, in the EPA’s treatment of regions such as the Pittsburgh-Beaver Valley nonattainment area which, because of the geographical configuration of the jet stream, receives a constant infusion of transported ozone from highly industrialized upwind sources. Although I lack the technical expertise of the agency, my immersion in the record in this case has left the distinct and indelible impression that, while laudably attempting to fulfill its statutory mission of assuring cleaner air, the EPA has paid insufficient attention to: (1) the difficulty that downwind areas such as Southwestern Pennsylvania have in meeting the ozone NAAQS, and (2) more importantly, the imperative of infusing its regulations with equity. The economic consequences to the area as the result of continued nonattainment status are enormous, as this record demonstrates, and surely assuring equity vis-a-vis other areas of the nation is within the agency’s charter. I suspect there are several avenues through which the EPA could afford relief to the Pittsburgh-Beaver Valley region and other similarly situated areas without violating its statutory mandate.
Modest escape valves already exist within the current regulatory structure. For example, an EPA guideline permits the “flagging” of data affected by certain exceptional events in carrying out various regulatory tasks. As Judge Alito explains, this guideline authorizes the EPA to disregard ozone data influenced by the phenomenon of stratospheric ozone intrusion. See U.S. Environmental Protection Agency, Office of Air and Radiation, Office of Air Quality Planning and Standards, Monitoring and Data Analysis Division, Guideline on the Identification and Use of Air Quality Data Affected by Exceptional Events, EPA450/4-86-007 (July 1986). Additionally, the EPA has acknowledged that it has, in the past, excluded ozone data affected by forest fires in evaluating other redesignation requests.
The presence of these exceptions highlights the problem faced by communities such as the Pittsburgh-Beaver Valley area, whose herculean and largely successful efforts to combat air pollution may be derailed due to circumstances (upwind ozone) beyond its control. The tremendous remedial efforts undertaken by those regions seem to have been inadequately considered when contrasted with the aforementioned regulatory mollifications.
I would urge Congress to address the burdens faced by the Pittsburgh-Beaver Valley nonattainment region and other areas in the same predicament. Congress has taken into account the problem of transported ozone in the past, excusing certain so-called “rural transport areas” from certain pollution control requirements. See 42 U.S.C. § 7511a(h). I see no reason to treat metropolitan areas differently, especially where, as here, a region has achieved such significant emissions *125 improvements. I acknowledge the potentially ameliorative effects of the Regulatory Flexibility Act, 5 U.S.C. § 601 et seq., but it does not directly address the problems facing Southwestern Pennsylvania.
I would also urge the EPA to address these problems in the regulatory context. If the EPA and Congress satisfactorily address the referenced issues, we may be able to avoid a succession of expensive and burdensome litigations like this one. Judge Seiriea joins in this concurrence.